# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EZEKIEL DAVIS, | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-13-1174-HE |
| CORRECTIONS CORPORATION OF AMERICA, *et al.*, | ) |
| Defendants. | ) |

## ORDER

Plaintiff Ezekiel Davis, appearing *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. §1983, alleging violations of his constitutional rights. Consistent with 28 U.S.C. §636(b), the matter was referred to Magistrate Judge Charles B. Goodwin, who has issued a Report and Recommendation concluding that plaintiff's claims against defendant Nurse Davis should be dismissed due to his failure to serve her, that the motion for summary judgment filed by the remaining defendants, Corrections Corporation of America ("CCA"), Warden Chad Miller, Chief Hilligoss, Lieutenant Battles, Correctional Officer Miller, Sergeant Stokes, Counselor Gibson, Unit Manager Monday, Correctional Officer Ferrell,[1] Nurse Starnes, Nurse Akers and Correctional Officer Shiplett, should be granted and that the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. The magistrate judge makes other recommendations related to these suggested rulings. Plaintiff has filed an objection to the Report and Recommendation.[2]

---

[1]*The court has used the same spelling of defendants' names as used by the magistrate judge. As he noted, the spelling in the pleadings has been inconsistent. The court notes that defendants referred to Mr. Ferrell's as Farrell and Ms. Akers as Acres. See Doc. #128, p. 8.*

[2]*Page references for briefs and exhibits are to the CM/ECF document and page number.*

In the first two Counts of his amended complaint plaintiff alleges that defendants retaliated against him because he refused to settle a separate lawsuit he had brought that involved CCA. In Count 3 plaintiff alleges that CCA's policies and faulty training practices led to the violations of his constitutional rights by CCA employees. In Count 4 plaintiff claims he wants to press criminal charges against certain CCA employees who allegedly assaulted and battered him, and in Count 5 he asserts that defendant Battles gave him a "false misconduct" and denied him procedural due process in conjunction with a disciplinary hearing.

The magistrate judge noted that plaintiff's claims pertained to events that allegedly occurred at CCF during September 2013, that he filed this action on November 1, 2013, and that he submitted ten grievances between September 1, 2013, and October 31, 2013. Because prisoners are required to exhaust their administrative remedies before bringing an action regarding prison conditions, *see* 42 U.S.C. § 1997e(a), the magistrate judge proceeded to determine whether, as defendants argued, plaintiff had failed to comply with the grievance process. He concluded plaintiff did not properly exhaust his available administrative remedies with respect to any of his claims except for one which was the subject of Grievance No. 13-197. The magistrate judge determined a genuine factual dispute existed as to whether plaintiff had exhausted his administrative remedies in connection with the Eighth Amendment claim he asserted against Lieutenant Battles, which he sought to raise in Grievance No. 13-197. He therefore proceeded to consider the merits of that claim and recommended that summary judgment be granted as to plaintiff's other claims for failure to exhaust his administrative remedies.

Plaintiff contended Lieutenant Battles violated his Eighth Amendment rights by being deliberately indifferent to his health and safety when he failed to separate plaintiff from Mr. Burton, his cellmate, on September 5, 2013, in order to allow plaintiff to speak freely regarding his request to be separated from Mr. Burton and despite witnessing Mr. Burton "jump off his top bunk and square off with [plaintiff]." Doc. #122, p. 8. The magistrate judge determined that, assuming plaintiff could established the objective component of an Eighth Amendment claim,[3] he failed to offer sufficient evidence to demonstrate the subjective component. He did not show, the magistrate judge concluded, that "Lieutenant Battles had actual knowledge of and disregarded a serious risk posed by Mr. Burton to Plaintiff's health or safety at the specific times of the decisions underlying Plaintiff's claims." Doc. #159, p. 39. All he showed, the magistrate stated, was that on September 5, 2013, Lieutenant Battles knew that "Plaintiff and Mr. Burton were incompatible[,] . . . that Plaintiff did not like to be awakened early in connection with a nurse's visit to the cell [and that] Lieutenant Battles . . .witnessed behavior by Mr. Burton that was threatening but that involved no physical contact." *Id*. at p. 40.

Noting, among other things, that plaintiff admitted he did not report any prior physical altercations with Mr. Burton to Lieutenant Battles, the magistrate judge concluded plaintiff had failed to establish that Lieutenant Battle's alleged response to Mr. Burton's behavior –

---

[3]*"The test for a 'deliberate indifference' claim under the Eighth Amendment has both an objective and a subjective component. The objective component of the test is met if the harm suffered is sufficiently serious to implicate the Cruel and Unusual Punishment Clause. The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety."* Kikumura v. Osagie, *461 F.3d 1269, 1291 (10th Cir.2006) (internal quotation marks omitted), overruled on other grounds by* Robbins v. Oklahoma, *519 F.3d 1242 (10th Cir.2008).*

3

threatening to use mace on the two cellmates if a fight occurred rather than separating them – was not a reasonable measure to monitor and guarantee the safety of Plaintiff and Mr. Burton, in light of the information he had at the time. The magistrate judge therefore determined defendants were entitled to summary judgment on the merits of plaintiff's Eighth Amendment claim based on his interaction with Lieutenant Battles on September 5, 2013. He rejected plaintiff's argument that summary judgment should be deferred because defendants had hindered his discovery efforts.

As for the assault and battery claims alleged in Count 4, the magistrate judge concluded that, to the extent plaintiff was attempting to assert criminal charges, his claims were not permitted under state law and should be dismissed. Otherwise, the magistrate judge recommended that, if the court adopt his Report and dispose of plaintiff's § 1983 claims in their entirety, that it decline to exercise supplemental jurisdiction over the state law claims and dismiss them.

The magistrate judge's remaining recommendations pertain to plaintiff's motion to add another defendant, Joseph Sebenick, his motion for preliminary injunctive relief, his motion to attend conferences by telephone, and his motions requesting the appointment of counsel, an evidentiary hearing and an evidentiary hearing date. The magistrate judge recommends the motion for joinder be denied because, he states, plaintiff knew or should have known about the facts relevant to any claims he might have against Mr. Sebenick when he filed this action "and certainly, by the time he filed the Amended Complaint[], which counsels against allowing amendment." Doc. #159, p. 46. More importantly, he determined, any claims against Mr. Sebenick "would be subject to denial for the same reasons as those

claims raised against the current Defendants." *Id.*

The magistrate judge concluded plaintiff was not entitled to injunctive relief because he sought relief that was "separate from and unrelated to the allegations" in his Amended Complaint. *Id.* at p. 49. The magistrate judge also noted that plaintiff's request was largely, if not entirely, moot because he had obtained the primary relief he sought in the motion – transfer away from CCF. He recommended that plaintiff's remaining motions be denied as moot.

In his objection plaintiff challenges the magistrate judge's conclusion that he failed to exhaust his administrative remedies. He claims "the evidence shows that Plaintiff was impeded by the Defendants actions to prevent Plaintiff from completing the [grievance] process . . . ." Doc. #161, p. 2. Plaintiff makes various arguments in an attempt to demonstrate that he was impeded, including that no remedies were available because monetary damages could not be given. The magistrate judge meticulously addressed the issue of whether defendants had established their affirmative defense of failure to exhaust with respect to plaintiff's claims. The court agrees with his analysis and, while the court understands plaintiff's frustration with the process, it concludes he failed to exhaust his administrative remedies with respect to all but his Eighth Amendment claim alleged in Count 1.

With respect to that claim, which is based on plaintiff's interaction with Lieutenant Battles on September 5, 2013, the court also agrees with the magistrate judge that plaintiff has failed to offer sufficient evidence to create a triable issue of fact as to whether Lieutenant Battles' had the "sufficiently culpable state of mind" required to establish a deliberate

5

indifference claim.  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotation marks omitted).

In his objection plaintiff disagrees with the magistrate judge's assessment of his evidence, but does not demonstrate how the magistrate judge erred.  He asserts, in response to the Magistrate Judge's statement that he did not clearly allege that Lieutenant Battles had any knowledge of Mr. Burton's alleged mental health or behavioral issues, that the lieutenant "knew that Mr. Burton had mental health issues, he was responsible for moving Mr. Burton" and that "the Warden, Lt. Battles everyone knew about Mr. Burton."  Doc. #161, pp. 11,12.  However, plaintiff alleges in the Amended Complaint that "C.O. Miller and Counselor Gibson moved inmate Burton" into his cell.  Doc. #122, pp. 2, 6.  And he does not cite any evidence in his objection to substantiate his assertion, assuming that Lieutenant Battles was aware of Mr. Burton's mental health issues, that he posed a safety risk to plaintiff.[4]  Plaintiff also admits in his objection that he was unable to advise Lieutenant Battles of the risk he faced.  He states that "the risk he posed to me could not be told to Lt. Battles because he refused to separate Plaintiff and Mr. Burton on Sept. 5, 2013 . . . ."  Doc. #161, p. 12.  The court therefore concludes summary judgment is warranted in favor of defendants on plaintiff's Eighth Amendment claim based on Lieutenant Battle's conduct alleged in Count 1.

Accordingly, having conducted the required *de novo* review, the court **ADOPTS**

---

[4]*Plaintiff alleges in Count 3 that "Lt. Battles knew about inmate Burton and knew he was moved from 'suicide watch.'" Doc. #122, p. 11.  He does not specify, though, what Lieutenant Battles knew and, the fact that Mr. Burton may have posed a risk to himself, does not demonstrate that he posed a risk to others.*

6

Magistrate Judge Goodwin's thorough Report and Recommendation. Plaintiff's claims against Nurse Davis are dismissed without prejudice due to plaintiff's failure to serve her. Fed.R.Civ.P. 4(m). Defendants' motion for summary judgment [Doc.#128] is **GRANTED** as to plaintiff's § 1983 claims. The court declines to exercise supplemental jurisdiction over plaintiff's state law claims, which are dismissed without prejudice. Plaintiff's motions for permissive joinder and injunctive relief [Doc. Nos. 92, 97] are **DENIED**.[5] Plaintiff's remaining motions [Doc. Nos. 103, 104, 136, 145] are **DENIED** as being **MOOT**.

**IT IS SO ORDERED**.

Dated this 27th day of January, 2016.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[5]*Plaintiff did not object to the dismissal of his state law claims, the denial of his motion to join Sebenick as a defendant or the denial of his motion seeking injunctive relief. See Doc. #161, p. 14.*